**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No._____

VALERIE G. HOBSON and E. DEAN HOBSON,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendant State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel Messner Reeves LLP, respectfully files this Notice of Removal of the above-captioned action from the La Plata County, Colorado District Court, to the U.S. District Court for the District of Colorado.

Federal diversity jurisdiction exists under 28 U.S.C. § 1332(a) because of a complete diversity of citizenship between plaintiffs and defendant and because the amount in controversy exceeds $75,000, exclusive of interest and costs. State Farm states the following grounds for removal:

**I. INTRODUCTION**

1. On April 13, 2018 plaintiffs Valerie G. Hobson and E. Dean Hobson ("plaintiffs") filed this present lawsuit against State Farm in the District Court for La Plata County, Colorado, Case Number 2018CV30048. A copy of plaintiffs' Complaint, along with

the exhibits thereto, is attached hereto as **Exhibit A**. A copy of the Civil Case Cover Sheet is attached hereto as **Exhibit B**.

2. State Farm was served with the Complaint on April 23, 2018. A copy of the Return of Service is attached hereto as **Exhibit C**.

3. State Farm's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(3) as it is filed within thirty days of State Farm's notice of the Complaint on April 18, 2018.

4. State Farm has not yet filed its answer or other response to the Complaint, but will do so in this court in the time period required by F.R.C.P. 81(c)(2).

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being contemporaneously filed with the clerk of the District Court for La Plata County, Colorado and a copy has been served on plaintiffs as indicated on the attached certificate of service. A copy of the notice to the La Plata County District Court is attached hereto as **Exhibit D**.

6. Pursuant to 28 U.S.C. §1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, City and County of La Plata, Colorado, where this action is pending, as the Complaint concerns a fire that occurred in Colorado.

## II. DIVERSITY OF CITIZENSHIP EXISTS

7. Pursuant to the allegations in the Complaint, plaintiffs Valerie E. and E. Dean Hobson are residents of La Plata County, in the State of Colorado. *See* **Exhibit A**, ¶ **2**.

8. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28

U.S.C. § 1332(c)(l). Defendant State Farm is and was at the commencement of this action an Illinois corporation with its principal place of business in Illinois. *See* **Exhibit E-1**, Certificate of Good Standing from the Office of the Secretary of the State, State of Colorado, indicating that State Farm is an Illinois corporation, and **Exhibit E-2**, Articles of Incorporation of State Farm Fire and Casualty Company, stating that State Farm's principal place of business is in Illinois.

9.  The plaintiffs and defendant are citizens of different states. As such, complete diversity of citizenship exists between the parties.

### Ill. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. A federal court has diversity jurisdiction when there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *Stuart v. Colo. Interstate Gas Co.,* 271 F.3d 1221, 1224 (10th Cir. 2001). Generally, the amount in controversy may be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001). Additionally, the Colorado state court civil cover sheet is sufficient to establish the amount in controversy exceeds the jurisdictional amount when plaintiffs or their attorneys represent the amount at issue exceeds $100,000. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

11. In the present matter, plaintiffs allege that on or about May 15, 2014, their home, related structures, and personal property were destroyed and damaged by a fire, giving rise to claims for benefits under a homeowners insurance policy State Farm issued to them. *See* **Exhibit A**, ¶¶ 5, 6. Plaintiffs also allege that State Farm unreasonably denied

payment of the subject policy's building ordinance and law ("BOL") policy limits in the amount of $28,740 and unreasonably delayed payment of personal property damage benefits in the amount of $40,893.73. *See id.* ¶¶ 29, 31, 44. Plaintiffs thus seek alleged contractual benefits of $69,633.73. Plaintiffs also assert claims for unreasonable delay or denial of insurance benefits under C.R.S. sections 10-3-1115 and -1116 which impose statutory penalties of twice the amount of benefits owed. Thus the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

12. Finally, plaintiffs' counsel indicated on the civil cover sheet filed with the Complaint that the amount at issue exceeds $100,000, which is sufficient by itself to establish the amount in controversy for purposes of diversity jurisdiction. *See Paros Props.*, 835 F.3d at 1272-73; **Exhibit B**.

13. The allegations in the Complaint and the civil cover sheet demonstrate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this court has jurisdiction under 28 U.S.C. § 1332(a).

14. Pursuant to D.C.COLO.LCivR 81.1, copies of all process, pleadings, and orders are attached and filed with this notice. They are as follows:

    Complaint, attached as Exhibit A;

    District Court Civil Case Cover Sheet, attached as Exhibit B;

    Return of Service, attached as Exhibit C;

    Defendant's Notice of Removal filed in La Plata County District Court, attached as Exhibit D;

    Certificate of Good Standing from the Office of the Secretary of the State, State of

Colorado, attached as Exhibit E-1;

Articles of Incorporation of State Farm Fire and Casualty Company, attached as Exhibit E-2; and

State Court Register of Actions, attached as Exhibit F.

## IV. CONCLUSION

Based on the foregoing, State Farm Fire and Casualty Company has demonstrated that removal of this matter to the U.S. District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

State Farm states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, defendant State Farm Fire and Casualty Company respectfully requests that the United States District Court for the District of Colorado assume jurisdiction of this case and issue such further orders and processes as may be necessary.

Dated this 18th day of May, 2018.

MESSNER REEVES LLP

*/s/ Nathaniel Scott Barker*
Heather A. Salg
Nathaniel Scott Barker
*Attorneys for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

   I hereby certify that on May 18, 2018, the foregoing **NOTICE OF REMOVAL** was filed via the ECF filing system and served via U.S. Mail and email on the following:

John C. Seibert
PO Box 2120
Durango, Colorado 81302
jseibert@durangolawyer.biz
*Attorneys for Plaintiffs*

                  */s/ Becky Guinn*
                  Becky Guinn