DATE FILED: April 13, 2018 12:49 PM
FILING ID: 3484B289CF5DE
CASE NUMBER: 2018CV30048

| | |
|---|---|
| **DISTRICT COURT, LA PLATA COUNTY, COLORADO**<br><br>**La Plata County District Court**<br>**1060 E. 2nd Ave**<br>**Durango, CO 81301** | **▲COURT USE ONLY▲** |
| **Plaintiffs: Valerie G.  Hobson and E. Dean Hobson**<br><br>**v.**<br><br>**Defendant: State Farm Fire and Casualty Company** | **Case Number: 2018 CV _____**<br><br>Div.: _____ |
| John C. Seibert, Atty. No. 21437<br>**The Law Office of John C. Seibert, LLC**<br> PO Box 2120<br>Durango, Colorado  81302<br>Phone Number: 970-403-0999<br>Fax Number: omitted<br>jseibert@durangolawyers.biz | |
| **COMPLAINT** | |

  Valerie G. Hobson and E. Dean Hobson ("Plaintiffs"), by and through counsel, The Law Office of John C. Seibert, LLC, file this Complaint against Defendant, State Farm Fire and Casualty Company ("State Farm"), and for their claims and causes of action states as follows:

### THE PARTIES & JURISDICTION

  1.  This litigation arises from, *inter alia*, defendant's wrongful, unreasonable and unjustified handling of Plaintiffs' claims under a Homeowners Policy of Insurance issued by State Farm following a fire at Plaintiffs residence in La Plata County, Colorado.  Plaintiffs seek relief based on various contract, tort, and statutory claims.

  2.  Plaintiffs are individuals, who reside at and maintain a personal residence in La Plata County with a physical address of 3421 Highway 160, Hesperus, Colorado.

  3.  On information and belief, defendant State Farm Fire and Casualty Company

EXHIBIT A

("State Farm") is incorporated in Illinois, with a principle office street address in Colorado of 155 Promontory Circle, Greely, CO 80637-0001. Its registered agent in the State of Colorado is: Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120.

4.      This court has subject matter jurisdiction over all claims asserted herein and personal jurisdiction over all parties. Venue is proper in La Plata County pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

5.      At all times relevant hereto, Plaintiffs had a Homeowners Policy of Insurance with State Farm, which covered their property at 3421 Highway 160, Hesperus, Colorado, Policy Number 86-BG-9940-9 ("the Insurance Policy"). The Insurance Policy included optional "Building Ordinance or Law Coverage" up to an amount not to exceed $28,740 ("BOL coverage").

6.      Plaintiffs' home, related structures and personal property were destroyed and damaged by a fire on May 15, 2014, giving rise to claims for benefits under the Insurance Policy.

7.      Plaintiffs' copy of the Insurance Policy and related paperwork was destroyed in the fire.

8.      Plaintiffs contacted their insurance agent, Tom Irvin, who reported the fire to State Farm on or about May 15, 2014.

9.      Plaintiffs first met with State Farm Claim Specialist Denise Kimsey on or about May 19, 2014. At that meeting, Ms. Kimsey spoke with Plaintiffs about their claims, coverages available under the insurance Policy, their deductible and the claims process. Ms. Kimsey provided Plaintiffs with a hand written note outlining their coverages under the Insurance Policy, a true and accurate copy of which is attached as **Exhibit 1** (Plaintiffs' handwritten notes redacted). Ms. Kimsey did not mention or explain that the Insurance policy had BOL coverage, and Plaintiffs did not know what BOL coverage was at the time.

10.     Plaintiffs received a payment from State Farm in the amount of $19,735.58 with a Summary of Loss Statement dated June 17, 2014 for "demolition." True and accurate copies of State Farm's cover letter and the Summary of Loss form are attached as **Exhibit 2**. The Summary of Loss form listed coverages, and did not have a line item for BOL coverage.

11.     Plaintiffs received a payment from State Farm in the amount of $3,335.49 with a Summary of Loss Statement dated July 14, 2014 for repairs to their well. True and accurate copies of State Farm's cover letter and the Summary of Loss form are attached as **Exhibit 3**. The Summary of Loss form listed coverages, and did not have a line item for BOL coverage.

12.     Plaintiffs received a payment from State Farm in the amount of $403,303.22 payable to Plaintiffs and their lender with a Summary of Loss Statement dated November 13, 2014 for

policy limits for the replacement of the structure, dwelling extension replacement and debris removal. True and accurate copies of State Farm's cover letter and the Summary of Loss form are attached as **Exhibit 4**. The Summary of Loss form listed coverages, and did not have a line item for BOL coverage. Amounts received for the replacement of the home were more than $100,000 less than estimates to reconstruct the building obtained from three contractors. Approximately $250,000 was paid to Plaintiffs' lender to pay off their mortgage as required by loan documents and State Farm.

13. Each of the Summary of Loss forms included the following statement on the second page:

"Please refer to your policy for specific time limits and additional settlement provisions. Please contact your claim representative if you have any questions."

14. In the fall of 2014, Plaintiffs began requesting a copy of their Insurance Policy from State Farm because their policy documents had been destroyed in the fire. They requested a copy from their claim representative, Ms. Kimsey, on multiple occasions in 2014, 2015 and early 2016. Ms. Kimsey told Plaintiffs to "use the one you have." Plaintiffs explained their policy records were in one of the storage units that burned in the fire. Ms. Kimsey told Plaintiffs they could get the policy on line. Plaintiffs tried that, but could only request a declarations page or renewal certificate that did not explain policy coverages or any time limitations. Plaintiffs asked State Farm Claim Team Manager for a copy of the Insurance Policy in or about May 2016, but she did not provide a copy.

15. During the course of the claims process, Ms. Kimsey told Plaintiffs they only had two years to submit claims for personal property. In March 2016, Plaintiffs were trying to get questions answered by Ms. Kimsey regarding the time limits for the submission of claims and claims they had submitted months earlier but had not been processed. Plaintiffs' calls were not returned. Another Claim Specialist, Cassy Hunkins, was then assigned to Plaintiffs on or about March 9, 2016. Ms. Hunkins was not helpful. Some things she told Plaintiffs included:

"I have other claims to handle besides yours."

"I can't pay you money because you say so – I need receipts." (She was asking for verification of costs incurred to haul water – Plaintiffs explained they obtained water from a coin operated machine that did not provide receipts.)

"What have you done with the over $400,000 we have already paid you?"

16. Plaintiffs contacted Ms. Kimsey and Ms. Hunkins' supervisor, Lydia Martinez, on or about May 2, 2016. Ms. Martinez explained that the time limitation for the submission of personal property claims had been extended to three years, and sent a follow-up letter on May 3, 2016. Ms. Martinez made no mention of BOL coverage. Ms. Martinez's May 3, 2016 letter quoted portions of the Insurance Policy and advised the Insurance Policy included an endorsement changing the

time to repair or replace personal property from two to three years.  Ms. Martinez's letter made no mention of BOL coverage or limitations, and Ms. Martinez failed to provide Plaintiffs with a complete copy of the Insurance Policy as requested.

17.     Plaintiffs began rebuilding their home themselves in the spring of 2015.  When Plaintiffs applied for a building permit, the La Plata County Building Department informed them they would have to have San Juan Basin Health sign off on their building permit.  San Juan Basin Health informed Plaintiffs they had to reconstruct the septic system (for both houses on the property) to meet current codes.  Plaintiffs obtained a permit to reconstruct and alter the septic system from San Juan Basin Health Department on April 21, 2015.  Plaintiffs did not start working on the septic system until August 2016 because they had no plumbing to connect. They focused on re-building their home first, and planned to complete the septic system towards the end of the project.  Plaintiffs did not know their Insurance Policy included BOL coverage, which provided additional coverage for costs to repair or rebuild the septic system in order to meet building codes.

18.     Plaintiffs first became aware of what BOL coverage was and that it existed in September 2016, when visiting with a friend who works for an insurance company in New Mexico.

19.     Plaintiffs completed the septic system in October 2016, and contacted Ms. Kimsey to request payment for labor and costs incurred to rebuild the septic system to meet codes. Ms. Kimsey explained the Building Ordinance or Law coverage for the first time, and told Plaintiffs that the work had to be completed within two years of the fire in order for them to be compensated for the loss.  Had Plaintiffs known this, they would have done the work earlier.

20.     On December 20, 2016, Ms. Kimsey sent Plaintiffs a letter dated October 27, 2016 referencing "the coverage for Ordinance and Law" and advising "we are unable to provide any further coverage for the structural damage to your home.  There is a two year replacement time limit."  This was the first written explanation of BOL coverage and related two year limitation period following the fire.

21.     Ms. Kimsey sent another letter to Plaintiffs dated December 22, 2016 in which she stated, in part:

"We received the e–mail regarding your intent to pursue payment under the policy's Ordinance and Law Coverage on December 16, 2016.  We also received the receipts you attached in the email for work that would fall under the Ordinance and Law Coverage.

As we discussed previously, the time limit for this coverage expired on May 15, 2016, which was two years from the May 15, 2014 date of loss. Based on our initial review, it appears there is no additional payment owed under the policy because the expenses were incurred past the two year time limit. We will consider any additional information you submit for our review."

22.     Having not received a copy of the Insurance Policy despite multiple requests to State Farm, Plaintiffs called their agent Ricky King's office (Plaintiffs' former agent Tom Irvin retired) in December 2016 to request a copy of the Insurance Policy.  Ms. Kimsey hand delivered a certified copy of the Insurance Policy in early January 2017, after the time limitations period for BOL claims had expired.

23.     By certified letter dated March 31, 2017, Plaintiffs provided State Farm with additional information regarding their BOL claim per Ms. Kimsey's December 22, 2016 letter, and requested the status of previously submitted claims.  A copy of the letter, without attachments, is attached hereto as **Exhibit 5**.

24.     State Farm Team Manager Lydia Martinez responded to Plaintiffs March 31, 2017 letter by letter dated April 14, 2017.  A copy of that letter, without attachments, is attached hereto as **Exhibit 6**.  By that letter, State Farm, among other things, denied Plaintiffs' BOL Claim.

25.     In her April 14, 2017 letter, Ms. Martinez asserted Plaintiffs would have received Renewal Certificates in 2013, 2014 and 2015 containing information about their policy coverage, including BOL coverage.  The renewal certificate for June 28, 2013 - June 28, 2014, if retained by Plaintiffs, would have been destroyed in the fire which occurred on May 15, 2014.  Renewal certificates provided by Ms. Martinez for 2014-2015 and 2015-2016 did not explain the BOL endorsement and coverage, provided no notice of any time limitation applicable to claims under the BOL endorsement, and in some places indicated that BOL coverage was a recommended form of additional coverage that Plaintiffs might want to consider.

26.     Ms. Martinez's April 14, 2017 letter advised another claim representative, Colby Orth, would be available to meet with Plaintiffs to review documents and any additional information Plaintiffs had regarding their Coverage B-Personal Property.  *See,* Exhibit 6, p. 2.

27.     Plaintiffs met with claim representative Colby Orth on or about May 9, 2017 and provided Ms. Orth with a list of personal property items and claims that had been submitted previously but had been denied or paid only in part, a copy of which is attached as **Exhibit 7**.  Plaintiffs also provided Ms. Orth with a list of supplemental personal property items and claims with supporting information and documentation.

28.     By letter dated June 12, 2017, Plaintiffs, through undersigned counsel, provided State Farm with additional information on their BOL claims including, but not limited to, supporting legal authority, and requested payment on Plaintiffs' BOL claim and outstanding personal property claims.  A copy of the letter is attached as **Exhibit 8.**

29.     Ms. Martinez responded to Plaintiffs June 12, 2017 letter by letter dated June 23, 2017, a copy of which is attached as **Exhibit 9**.   In that letter, Ms. Martinez again denied Plaintiffs' BOL claim, ignoring additional information and supporting legal authority provided by Plaintiffs.  Ms. Martinez' letter included a payment of $48,280.44 for Plaintiffs' personal property claims.  Upon information and belief, that amount included $40,893.73 for personal

property items Plaintiffs had submitted for payment approximately one-year or more prior but had not been timely paid.  Ms. Orth did not require that Plaintiffs submit additional information in support of these claims totaling $40,893.73, and upon information and belief, the claims were paid based on information submitted by Plaintiffs approximately one or more years earlier.

30.     By letter dated March 16, 2018, Plaintiffs, through undersigned counsel, again requested payment on Plaintiffs' BOL claim.

31.     By letter dated April 11, 2018 State Farm, through Lydia Martinez, again denied Plaintiffs' BOL claim based on reasons asserted in her April 14, 2017 letter, ignoring additional information and legal authority provided by Plaintiffs in support of the claim.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

32.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth in this claim for relief.

33.     Plaintiffs were and are entitled to payment for expenses, costs and the reasonable value of labor expended by Plaintiffs to reconstruct their septic system in order to meet building codes and obtain a certificate of occupancy for their home pursuant to the BOL optional endorsement of the Insurance Policy in the amount of $28,740.

34.     State Farm is estopped from denying Plaintiffs BOL claim based on, *inter alia*, its failure to provide Plaintiffs with a copy of the Insurance Policy despite request; its providing Plaintiffs with incomplete information relating to their claims and coverages, and its failure to provide Plaintiffs with information pertaining to time limitations for BOL coverage knowing that Plaintiffs did not have a copy of the Insurance Policy.

35.     State Farm breached its implied contractual duty of good faith and fair dealing by, *inter alia,* failing to provide Plaintiffs with a copy of the Insurance Policy and then relying on an undisclosed time limitation to deny Plaintiffs' BOL claim and denying and delaying payments without a reasonable basis for its denial and delays.

36.     State Farm breached its contractual promises, obligations and duties resulting in direct and consequential damages to Plaintiffs in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

37.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth in this claim for relief.

38.     By its actions and inactions towards Plaintiffs, State Farm breached the Insurance

Policy and engaged in a course of conduct to deprive its insureds of the benefits of their contract.

39.     State Farm's conduct has been below the standard of care for a prudent insurer in the State of Colorado, violates the Insurance Policy's implied covenant of good faith and fair dealing, and constitutes the tort of bad faith breach of insurance contract as recognized in Colorado by C.R.S. § 10-3-1113, incorporating C.R.S. § 10-3-1104 and the common law.

40.     State Farm has intentionally acted unreasonably, or with reckless disregard of the facts and applicable law as to whether or not it was acting reasonably.  State Farm has acted in complete disregard for Plaintiffs' reasonable expectations.

41.     Examples of State Farm's unreasonable and tortious conduct include: failing to adequately investigate the material facts and/or law before denying Plaintiffs BOL claim; failing to provide a copy of Plaintiffs' Insurance Policy despite request and then relying on an undisclosed limitation period contained in the Insurance Policy; failing to communicate with Plaintiffs in a timely and professional manner; non-disclosure and/or concealment of material facts that it was obligated to disclose, including the existence of and time limitations for BOL coverage in the Insurance Policy; improperly delaying payment on certain aspects of Plaintiffs' personal property claims even though it knew the claims were justified when submitted; and failing to disclose complete information on coverage and related limitations periods after providing incomplete information it knew or should have known created a false impression in the minds of Plaintiffs.

42.     State Farm's bad faith breach of contract has proximately caused Plaintiffs severe damage, including the loss of policy benefits, emotional distress, severe emotional distress, worsening of physical condition, aggravation, annoyance, inconvenience, attorney's fees and costs, all in amounts to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (C.R.S. § 10-3-1116 – Unreasonable Delay or Denial of Benefits)

43.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth in this claim for relief.

44.     State Farm unreasonably denied payment of benefits due Plaintiffs under the BOL endorsement of the Insurance Policy, and unreasonably delayed and/or denied payment of covered benefits for Plaintiffs' personal property.

45.     Plaintiffs have incurred damages, including attorney fees, and losses as a result of State Farm's actions and inactions, and are entitled to recover their reasonable attorney fees and court costs and two times the covered benefits for which payment was denied and/or delayed pursuant to C.R.S. § 10-3-1116.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, respectfully pray for judgment against defendant State Farm upon each and all of the claims for relief asserted above and under any theory of relief supported by facts presented at trial, including and without limitation:

(1)      a money judgment for all economic losses, including BOL benefits due under the Insurance Policy;

(2)      an award of noneconomic damages for emotional distress, severe emotional distress, worsening of physical condition, aggravation, annoyance and inconvenience, and any other compensable noneconomic damages;

(3)      an award of reasonable attorney fees, costs, and expenses incurred in this action as provided for by contract or applicable law;

(4)      prejudgment interest in accordance with law;

(5)      two times the amount of covered benefits where payment was unreasonably denied or delayed  pursuant to C.R.S. § 10-3-1116; and

(6)      such other and further relief as the Court deems just and proper under the circumstances and based on evidence presented at trial.

**DATED** this 13th day of April, 2018.

Respectfully submitted,

The Law Office of John C. Seibert, LLC

*Original signature on file at the Law Office of John C. Seibert, LLC*

By:/s/ *John C. Seibert*_____ _____
John C. Seibert

Plaintiff's Address:
3421 Highway 160, Mancos, CO  81328 (mailing)
3421 Highway 160, Hesperus, Colorado (physical)



Cov A - Structure - $ 298,034.00

Opt ID 10% - $ 29,803.40
5%          $ 1,490.15

329,327.55

Debris removal 5% - $ 14,901.70

18,333

Dwelling Ext.          $ 68,649.00

Debris      5%          $ 3,432.45

Cov. B          $ 223,525 —

Personal Property

Exhibit 1

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**®

June 17, 2014

E Dean Hobson
Valerie Hobson
3421 Highway 160
Mancos CO 81328-9313

**State Farm Claims**
PO Box 52260
Phoenix AZ 85072-2260

RE:   Our Claim Number:   06-31L8-853
      Policy Number:      86BG99409
      Date of Loss:       May 15, 2014

Dear Mr. and Mrs. Hobson:

Thank you for the opportunity to review your claim. Enclosed is payment in the amount of $19,735.58.

The terms of your policy require that your mortgage company or lien holder be included as a payee. Please contact them for instructions on obtaining their endorsement.

Please refer to the attached document which outlines the basis for this payment.

As a State Farm® policyholder, you can enjoy the benefits of online registration. Benefits include checking the status of your claim online; managing your insurance information and accounts; and staying connected to State Farm. Just go to **statefarm.com**® to get registered. All you need to complete the process is your State Farm policy or account number, your email address, and about five minutes. If you are already registered, thank you!

Thank you for your cooperation in this matter.

Sincerely,

*Denise Kimsey*

Denise Kimsey
Claim Representative
(877) 859-1847 Ext. 9703823006

State Farm Fire and Casualty Company

Enclosure(s):
      Draft
      Summary of Loss
      Estimate

EXHIBIT 2

 *StateFarm*

# *Summary of Loss*

Named Insured: E Dean and Valerie Hobson

Claim Number: 06-31L8-853

## Coverage A - Dwelling
Limit of Liability: $ _____

## Coverage A - Dwelling Extension
Limit of Liability: $ _____

Description | Amount
--- | ---
Demolition of fire damage per Heller Corp | $ 21,172.58

Total Coverage A: $ _____ 21,172.58

## Coverage B - Personal Property
Limit of Liability: $ _____

Total Coverage B: $ _____ 0.00

## Coverage C - Loss of Use
Limit of Liability: $ _____

Total Coverage C: $ _____ 0.00

## Other Coverages (if applicable)

Total Other Coverages (if applicable): $ _____ 0.00

## Payments Made

Comments / Supplements:

| | |
| --- | --- |
| Coverage A+B+C Total: $ | 21,172.58 |
| Other Coverages (if applicable): $ | 0.00 |
| Total All Coverages: $ | 21,172.58 |
| Less Recoverable Dep. Cov. A: $ | 0.00 |
| Paid When Incurred: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. A: $ | 0.00 |
| Less Recoverable Dep. Cov. B: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. B: $ | 0.00 |
| Subtotal: $ | 21,172.58 |
| Less Deductible: $ | 1,437.00 |
| Less Amounts Over Limit(s): $ | 0.00 |
| Less Ordered Items: $ | 0.00 |
| Less Owner Retained Salvage: $ | 0.00 |
| Total Payable: $ | 19,735.58 |
| Less Total Payments Made: $ | 0.00 |
| Net Payment: $ | 19,735.58 |

Denise Kimsey                                    6/17/2014
*Signature*                                      *Date*


\* *Your policy may provide for additional payments on a replacement cost basis for the Recoverable Depreciation
listed above for Cov.A and Cov. B. for your Building and Personal Property.
Please refer to your policy for specific time limits and additional settlement provisions.
Please contact your claim representative if you have any questions.*

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**®

July 14, 2014

E Dean Hobson
Vallerie Hobson
3421 Highway 160
Mancos CO 81328-9313

State Farm Claims
PO Box 52260
Phoenix AZ 85072-2260

RE:   Our Claim Number:   06-31L8-853
      Policy Number:      86BG99409
      Date of Loss:       May 15, 2014

Dear Mr. and Mrs. Hobson:

Thank you for the opportunity to review your claim. Enclosed is payment in the amount of $3,335.49.

The terms of your policy require that your mortgage company or lien holder be included as a payee. Please contact them for instructions on obtaining their endorsement.

Please refer to the attached document which outlines the basis for this payment.

As a State Farm® policyholder, you can enjoy the benefits of online registration. Benefits include checking the status of your claim online; managing your insurance information and accounts; and staying connected to State Farm. Just go to **statefarm.com**® to get registered. All you need to complete the process is your State Farm policy or account number, your email address, and about five minutes. If you are already registered, thank you!

Thank you for your cooperation in this matter.

Sincerely,

*Denise Kimsey*

Denise Kimsey
Claim Representative
(877) 859-1847 Ext. 9703823006

State Farm Fire and Casualty Company

Enclosure(s):
      Draft
      Summary of Loss
      Estimate

<span style="color:red">EXHIBIT 3</span>


StateFarm

# *Summary of Loss*

Named Insured: E Dean and Valerie Hobson

Claim Number: 06-31L8-853

**Coverage A - Dwelling**          Limit of Liability: $ _____
**Coverage A - Dwelling Extension**   Limit of Liability: $ _____

| Description | Amount |
|---|---|
| Demolition of fire damage per Heller Corp | $ 21,172.58 |
| Beeman Bros Bill | $ 3,335.49 |

Total Coverage A: $ _____ 24,508.07

**Coverage B - Personal Property**      Limit of Liability: $ _____

Total Coverage B: $ _____ 0.00

**Coverage C - Loss of Use**          Limit of Liability: $ _____

Total Coverage C: $ _____ 0.00

**Other Coverages (if applicable)**

Total Other Coverages (if applicable): $ _____ 0.00

**Payments Made**

| Date | Amount | Description |
|---|---|---|
| 6/17/2014 | $ 19,735.58 | Demo payment |

Comments / Supplements:

| | |
|---|---|
| Coverage A+B+C Total: $ | 24,508.07 |
| Other Coverages (if applicable): $ | 0.00 |
| Total All Coverages: $ | 24,508.07 |
| Less Recoverable Dep. Cov. A: $ | 0.00 |
| Paid When Incurred: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. A: $ | 0.00 |
| Less Recoverable Dep. Cov. B: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. B: $ | 0.00 |
| Subtotal: $ | 24,508.07 |
| Less Deductible: $ | 1,437.00 |
| Less Amounts Over Limit(s): $ | 0.00 |
| Less Ordered Items: $ | 0.00 |
| Less Owner Retained Salvage: $ | 0.00 |
| Total Payable: $ | 23,071.07 |

Less Total Payments Made: $ _____ 19,735.58

Net Payment: $ _____ 3,335.49

Denise Kimsey _____          7/14/2014 _____

*Signature*                                         *Date*

\* Your policy may provide for additional payments on a replacement cost basis for the Recoverable Depreciation
listed above for Cov.A and Cov. B. for your Building and Personal Property.
Please refer to your policy for specific time limits and additional settlement provisions.
Please contact your claim representative if you have any questions.

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**®

November 13, 2014

E Dean Hobson
Valerie Hobson
3421 Highway 160
Mancos CO 81328-9313

**State Farm Claims**
PO Box 52260
Phoenix AZ 85072-2260

RE:   Our Claim Number:   06-31L8-853
      Policy Number:      86BG99409
      Date of Loss:       May 15, 2014

Dear Mr. and Mrs. Hobson:

Thank you for the opportunity to review your claim. Enclosed is payment in the amount of $403,303.22.

The terms of your policy require that your mortgage company or lien holder be included as a payee. Please contact them for instructions on obtaining their endorsement.

Please refer to the attached document which outlines the basis for this payment.

As a State Farm® policyholder, you can enjoy the benefits of online registration. Benefits include checking the status of your claim online; managing your insurance information and accounts; and staying connected to State Farm. Just go to **statefarm.com**® to get registered. All you need to complete the process is your State Farm policy or account number, your email address, and about five minutes. If you are already registered, thank you!

Thank you for your cooperation in this matter.

Sincerely,

*Denise Kimsey*

Denise Kimsey
Claim Representative
(877) 859-1847 Ext. 9703823006

State Farm Fire and Casualty Company

Enclosure(s):
      Draft
      Summary of Loss
      Estimate

EXHIBIT 4

 StateFarm

# *Summary of Loss*

Named Insured:  E Dean and Valerie Hobson

Claim Number:  06-31L8-853

| Coverage A - Dwelling | Limit of Liability: $ 298034 | |
|---|---|---|
| Coverage A - Dwelling Extension | Limit of Liability: $ 68649 | |
| Description | | Amount |
| Coverage A ~ Structural limits | $ | 298,034.00 |
| Debris removal ~ 5% | $ | 14,901.70 |
| Extra Coverage Option ID ~ 20% | $ | 59,606.80 |
| Option ID Debris removal ~ 5% | $ | 2,980.34 |
| Dewlling extension replacement per Sachs Construction | $ | 47,419.00 |
| Dwelling extension debris removal 5% | $ | 3,432.45 |

Total Coverage A: $ 426,374.29

| Coverage B - Personal Property | Limit of Liability: $ | |
|---|---|---|
| Description | | Amount |
| Advance | $ | 5,000.00 |

Total Coverage B: $ 5,000.00

**Coverage C - Loss of Use**          Limit of Liability: $

Total Coverage C: $ 0.00

**Other Coverages (if applicable)**

Total Other Coverages (if applicable): $ 0.00

## Payments Made

| Date | Amount | Description |
|---|---|---|
| 7/14/2014 | $ 3,335.49 | Water restoration on property due to fire |
| 6/20/2014 | $ 5,000.00 | Advance for personal property |
| 6/17/2014 | $ 19,735.58 | Demo payment |

Comments / Supplements:

| | |
|---|---|
| Coverage A+B+C Total: $ | 431,374.29 |
| Other Coverages (if applicable): $ | 0.00 |
| Total All Coverages: $ | 431,374.29 |
| Less Recoverable Dep. Cov. A: $ | 0.00 |
| Paid When Incurred: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. A: $ | 0.00 |
| Less Recoverable Dep. Cov. B: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. B: $ | 0.00 |

| | | |
|---|---|---:|
| Subtotal: | $ | 431,374.29 |
| Less Deductible: | $ | 0.00 |
| Less Amounts Over Limit(s): | $ | 0.00 |
| Less Ordered Items: | $ | 0.00 |
| Less Owner Retained Salvage: | $ | 0.00 |
| Total Payable: | $ | 431,374.29 |
| Less Total Payments Made: | $ | 28,071.07 |
| Net Payment: | $ | 403,303.22 |

Denise Kimsey                                      11/12/2014
*Signature*                                        *Date*


*\* Your policy may provide for additional payments on a replacement cost basis for the Recoverable Depreciation*
*listed above for Cov.A and Cov. B. for your Building and Personal Property.*
*Please refer to your policy for specific time limits and additional settlement provisions.*
*Please contact your claim representative if you have any questions.*

**Dean & Valerie Hobson**

**3421 Highway 160**

**Mancos, Co  81328**


March 31, 2017

Certified Mail - Return Receipt
7016 0910 0000 1926 8079  Sent March 31, 2017 from Durango Post office

State Farm Claims
P. O. Box 52260
Phoenix, AZ  85072-2260

Re: Claim Number 0631L8853

We are writing requesting payment of full policy limits on the above referenced claim.  We paid (and continue to pay)  our insurance premiums in good faith that should we have a claim, we will be  treated fairly and State Farm would live up to their promise pay according to the policy.  This has not been the case in the above referenced claim.

We suffered a total loss and our adjustor did not make us aware of all coverages available to us.  See Exhibit A attached which are Ms. Kimsey's notes of our coverages from our first meeting.  Ms. Kimsey was overly friendly to Dean and not very informative on the first visit.

We did not require the two years loss of use as we have a mobile home on the property as well.

When we were trying to get questions answered regarding the end of coverage for personal property in March of 2016, our calls were not returned.  We contacted Lydia Martinez to get a help since we had not heard from our adjustor.  Ms. Martinez informed us that the laws regarding personal property time limitation had changed to three years, rather than two.    We were told that there was another adjustor we could deal with.  We agreed to change to Cassy Hunkins.   Below is an excerpt from an email to our agent, Ricky King on May 2, 2016 which explains how that relationship went:

I just spoke to Cassy.  The first thing out of her mouth when I asked for status of the claim was: "I have other claims besides yours to handle."  When I asked her about payment of the expenses of hauling

Exhibit 5

water she said: I can't just pay money on your say so, I need receipts."  When I explained that we are hauling water from Mancos where we put quarters in a slot and there is no receipt given, she said: I can't do anything about that.  She also said asked me 'Why we hadn't taken care of the water already?" and "What have you done with the over $400,000 we paid you already?"

Ricky, I do not feel any of these are appropriate questions/statements regarding our claim.  We are not sitting on our hands doing nothing over here.  We cannot replace the whole house water filter until we have somewhere to put it.

These are the questions I have been trying to get answered:
1.  What is the status of the property submission that your office faxed for us on 3/25/29016?  All we have been told is "It's being worked on."
2.  What is the status of the water claim?
3.  What is the status of the payment for the trees we loss.  I submitted this to Denise along with the water information on 5/13/2015 via email.  This is the same email I sent the information about hauling water.  I will send this email to you.
4.  Why is item # 1028 marked 'open' ?

I don't believe these should be difficult questions.  I have left 10 messages in the last 2 weeks trying to get these answers.  I have left 6 messages for Cassy, one for Jody McDaniel (who is handling the personal property data entry), two at corporate and one for Lydia Martinez (Cassy's supervisor) today.

We agreed to go back to Ms. Kinsey since she is the only other adjustor in Colorado available to us.

With each submission of personal property, we have been given a new spread sheet denoting how we were paid to date.  Each time item numbers were changed, items were marked open or marked $0.00 value with no explanation.  I spoke to Ms. Kimsey about how we reconcile this to our list and she said, just use ours.  It is difficult to do this when it constantly changes.  I asked how to search the list and she said I had to read through it.  This spreadsheet is 53 pages long and is not in the same order we submitted it.  I finally found out from someone else how to search for an item on the list.

We were paid for some appliances we replaced and not for others.  We were not reimbursed for our whole house water filter as it was plumbed directly into the house and therefore part of the dwelling.  We were not reimbursed for the stove and refrigerator.  These appliances could be removed from the house if we sold it.  In my mind they are not part of the dwelling.

Items we listed have been deleted from our claim on several occasions; for example:  locker plant door (item # 1026), antique icebox (item 1028).  Instead of researching the value , these items were marked

with a $0.00 value on our claim. I found these antiques on E-bay and forwarded them to Denise.  We were then paid a depreciated value.  There is not a "new" replacement for these; they are rare finds. We were not paid according to the policy for antiques or other personal property that cannot be replaced. On one occasion we were asked "Why did you have that?"  This is an inappropriate question.

Regarding the denial of the code enforcement coverage; we wish to appeal this decision based on the following information.  First and foremost, we were not made aware that code enforcement coverage existed.  Ms. Kinsey did not mention this coverage (Exhibit A).    We first became aware that such existed during a conversation with a friend in the insurance business in September of 2016. Prior this time we were advised by the county that we had to replace our entire septic system to comply with current codes.  We obtained the necessary permit and upgraded the system.

So, here we sit, having spent time and money to comply county codes and then to find out that our insurance should have paid for the upgrade.

We would also note that a letter from Ms. Kimsey dated 10/27/2016; postmarked 12/20/2016 was not received by us until sometime in late December 2016 because it was addressed incorrectly.  See exhibit B attached.  This letter speaks to denial of coverage which took over two months to get to us.

Because we had not heard from Ms. Kimsey regarding these coverages, we sent a letter notifying you that we intend payment for ordinance and law coverage.  Our certified letter dated 12/13/2016 along with receipts for septic upgrades is on file.  An important note here is that we did all the labor upgrading the system including excavation and installing the complete system.  We had a verbal estimate of labor of $15,000 to $18,000 to install the entire system.  As a result of this letter, we received an additional denial letter from your offices dated 12/22/2016, postmarked 12/27/2016, exhibit C.

Before any of this transpired, we began requesting copies of our policy around the fall of 2014 and additionally in multiple phone conversations we asked Ms. Kinsey for a copy of the policy.  On one occasion she advised that we could get it online.  We could only request a declarations page but not policy showing coverages.  Ms. Kimsey said to use the one you have.  I explained that I could not find my copy.  We had records in one of the storage units that burned.  We also made this request to Lydia Martinez when we spoke to her.   Having heard nothing form Ms. Kimsey or anyone else, we called our agent in December of 2016 to request a certified policy.   Ms. Kimsey hand delivered the policy in early January; dated 12/22/16.  See exhibit D attached.

It is important to note that we have not received a letter detailing end of coverage other than the extension of coverage B to three years due to a change in state laws.

Instead of "making us whole" as is the promise of the policy, we have been stonewalled, misled and ignored.  We are expecting full policy limits to be tendered within 15 days of receipt of this letter.

Sincerely,

Valerie Hobson                              E. Dean Hobson

cc:     Ms. Susan Q. Hood, Claims Vice President
        State Farm Insurance
        1 State Farm Plaza
        Bloomington, IL  61710

        Colorado Department of Regulatory Agencies, Insurance Division

Enclosures:
        Exhibit A: Original notes from Denise Kimsey, Adjuster
        Exhibit B : Letter Dated October 27; postmarked December 20 (incorrect address)
        Exhibit C: Letter dated December 20; postmarked December
        Exhibit D: Certification of policy dated 12/22/16

April 14, 2017

DEAN HOBSON
VALERIE HOBSON
3421 HIGHWAY 160
MANCOS CO 81328

State Farm Insurance Companies
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

Copy sent via email to: VGHOBSON@THREEASPENTREES.NET

RE:   Claim Number:   06-31L8-853
      Policy Number:   86-BG-9940-9
      Date of Loss:    May 15, 2014

Dear Mr. and Mrs. Hobson:

This letter is in reference to your certified letter, dated March 31, 2017, which was received in our claims system on April 5, 2017.  We discussed the issues you raised in your correspondence on April 10 and 13, 2017.

In your letter, you requested payment of full policy limits.  We apologize for any frustrations you may have experienced during the handling of your claim and appreciate the opportunity to respond to your concerns.  The following paragraphs will address issues raised in your letter and respond to your request for a policy limits payment.

Our records reflect that we received notice of your loss on May 15, 2014, and in the days following, including your meeting with Claim Representative Denise Kimsey on May 19, 2014, State Farm representatives spoke to you about your claim, policy coverage, deductible, claim process, and your temporary living arrangements on three separate occasions.  The notes attached in your letter were intended to provide you with a preliminary overview of your claim and coverage.  At the time of your meeting with Ms. Kimsey, it was not known that Option OL - Building Ordinance and Law was at issue.

I understand you chose to live at another mobile home on your property.  Payment was issued to you under the Coverage C - Loss of Use portion of your policy for water hauling expenses and mileage.

As you explained to me during our conversation on April 10, 2017, the next six paragraphs of your letter provided a recap of previous concerns you had regarding the handling of your claim. You also indicated portions of the paragraphs were "excerpts" from a previously mailed letter.  It is my understanding that the issues outlined in these paragraphs have been addressed, with exception of an item marked open on your personal property inventory form, which will be referred to in a subsequent paragraph in this correspondence.  Please let me know if my understanding of this portion of your letter is not accurate.

Each time you submit an additional personal property listing, the previous listing will be updated to reflect the newly added items.  If a payment was previously issued on a personal property item, then it typically should not change.  Items can be marked open if additional documentation or information is needed for that particular item.  Our records do reflect that conversations were ongoing with you in an effort to resolve the open items and issue payment for personal property.

Exhibit 6

DEAN HOBSON
06-31L8-853
Page 2

Regarding your appliances, specifically your stove and refrigerator, we will be reviewing this information for consideration of the items qualifying as Coverage B - Personal Property, versus Coverage A - Dwelling.  Your whole house water filter was not paid for because it was considered part of the Coverage A - Dwelling.  Since your dwelling limit had been reached at that point, there was no further payment.  This was discussed in a conversation between Mr. Hobson and me on May 2, 2016.

Items that you feel have been incorrectly listed or possibly deleted from your inventory can be reviewed further.  When we spoke on April 10, you agreed to provide a listing of personal property items you feel are in dispute or have not been accurately reflected on your content inventory list.  Until we have your remaining personal property inventory forms, we cannot determine the total amount of Coverage B - Personal Property payment owed and whether the amount is within or over your Coverage B limits of $223,525.

In addition to you providing a list, I agree with your request and recommendation for an in-person meeting with a State Farm claim representative in order to answer questions, review documents, and collect any additional information you have regarding your Coverage B - Personal Property.  At your request, I have another claim representative available to meet you.  Claim Representative Colby Orth can be reached at 844-458-4300, ext. 253-948-1872 beginning the week of April 17.  I would encourage you to meet at your agent's office so claim documents and information can be copied and sent electronically from that location.

The remainder of this letter will address your request for payment under your Option OL - Building Ordinance and Law Endorsement.  Renewal certificates are sent out yearly for policies, typically prior to the in-force date of your policy which is June 28 of each year.  You would have received notification in 2013, 2014, and 2015.  Those certificates contain information about your policy coverage, amounts, and endorsements.  Option OL - Ordinance/Law Coverage would have been listed on each of your renewal certificates for those three years.  Copies of those renewal certificates are enclosed for your review.

In your letter, you attached a copy of the Certified Policy information that was sent to you after your December 2016 Certified Policy request, which appears to be listed as "exhibit D" in your enclosures.  This certified copy included a copy of the Renewal Certificate for June 28, 2013 to June 28, 2014, which was the policy time period in which the fire loss occurred.  On that document it lists Forms, Options, and Endorsements.  Under this heading is listed Ordinance/Law 10%/$28,740/Option OL.

Our first notification that the septic system had to comply with current codes came during a phone conversation Mrs. Hobson had with Representative Kimsey on October 25, 2016.  During that call, Ms. Kimsey explained that there was a two year limit in which the ordinance or law repairs or replacement had to be made after the date of loss.  Ms. Kimsey then sent a letter dated October 27, 2016, outlining the policy language and why coverage would not be extended under this policy endorsement.  We apologize the letter did not get to you around the time of the October mailing.  It was sent to your address but to the city of Hesperus, rather than Mancos, CO.  Upon receiving notification that the letter was returned, it was re-sent and appears it was received by you in late December 2016.

When you sent another letter notifying us of your intention that payment be made under Ordinance and Law Coverage, there was no additional information provided to us that would indicate the ordinance-required septic system expenses were incurred before May 15, 2016.  This would have been the end of the two year time frame in which the coverage was available under this policy endorsement.  Therefore, we sent a denial letter dated December 22, 2016, which contained applicable policy language.

My review of the claim handling indicates that the first request we received for a certified copy of your policy was on December 16, 2016, when Agent King's office contacted Representative

DEAN HOBSON
06-31L8-853
Page 3

Kimsey and informed her of your request.  A certified policy was ordered and then hand-delivered to Mr. Hobson on January 12, 2017.

Our initial May 2014 conversations with you included a review of your policy, coverage, and claim process.  Policy limits for your Coverage A - Dwelling loss was paid to you on November 13, 2014, and included policy limits for debris removal, Option ID - Increased Dwelling, the dwelling extension replacement, and the dwelling extension debris removal limit, all of which were outlined in a Summary of Loss provided to you on November 12, 2014.  A letter dated November 13, 2014, was also provided to you.  At that point, the remaining policy coverage was Coverage B - Personal Property and Coverage C – Loss of Use.  Letters dated May 3, 2016, and October 27, 2016, did outline the three year time frame for Replacement Cost Benefits for your personal property.

Based on the information in the preceding paragraphs, we decline your request for payment of your septic system under your Homeowners Policy, Option OL - Building Ordinance and Law Endorsement.  The Endorsement states that we will not pay for any increased cost of construction under this coverage, unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.  Notification that there were additional costs related to county ordinances and law were not incurred or received until after the two year time limit of May 15, 2016.

I appreciate the opportunity to respond, but regret it was not the answer for which you had hoped.  Please let me know if you would like to move forward with a meeting with Representative Colby Orth in order to resolve any remaining personal property matters.   If you prefer, you may reach out to her directly to schedule an appointment to meet.

If you have additional information you would like us to consider, then please forward that to us for our review.  If you have questions regarding this letter, you can reach me at 1-844-458-4300, ext 253-948-1875.

Sincerely,


Lydia C. G. Martinez
Team Manager
844 458 4300 ext 2539481875
State Farm Fire and Casualty Company

01/349/2553348

Enclosures:  Copy of Renewal Certificates for years 2013, 2014, and 2015

State Farm Discrepancies

Assumptions:

Replacement Cost Total = Today's replacement cost or Cost on receipt submitted
Actual Cash Value = Amount paid
Estimated Remaining at $0.00 = We were paid full replacement cost

Abbreviations:

A/NPPP = Antique/Not paid per policy
R/NPIF = Replaced/Not paid in full

| Item # | Description | Notes |
|---|---|---|
| Pages 3-8 | multiple items | All items except those with highlighted X are R/NPIF (difference of $1744.30) |
| 74 | Tarus 24 7 pistol | description changed, not sure what this is.Item 74 on our list is a drafting triangle |
| 120 | shims | Shims for $96.03?  Description changed |
| 184 | french curve | R/NPIF |
| 185 | velum | R/NPIF |
| 194 | Kubuta Seat | paid in full  ** |
| 208 | Roto-Zip | R/NPIF |
| 212 | furniture dolly | R/NPIF |
| 229/232 | tables | R/NPIF |
| 234 | roller stands | R/NPIF |
| 236 | 15 compartment cell phone locker | description changed, these are metal lockers (like gym lockers) |
| 239 | ceramic light fixtures | A/NPPP |
| 240 | Rubermaid 33 gal trash cans | R/NPIF |
| 242 | irrigation pumps (2) | both replaced? |
| 243 | tool belt | R/NPIF |
| 244 | electric tool bel | R/NPIF |
| 247 | chissel set | R/NPIF |
| 251 | 4" circular saw | R/NPIF |
| 275 | snap ring pliers | R/NPIF |
| 277 | tap/die set | R/NPIF |
| 299 | ball peen hammers | replaced with a set |
| 316 | box end wrenches | replaced 1 set |
| 318 | combination wrenches | replaced 1 set |
| 319 | racheting wrenches | replaced 1 set |

EXHIBIT 7

| | |
|---|---|
| 335 antique soldering iron | A/NPPP |
| 365 1/2" socket set std. | R/NPIF |
| 367 3/8" socket set std. | R/NPIF |
| 411 Stanley No 64 plane | A/NPPP |
| 417 ratcheting tube cutting tool | R/NPIF |
| 419 Aantique ice tongs | A/NPPP |
| 422 5 gal. pain sprayer | R/NPIF |
| 423 wood block & tackle | A/NPPP |
| 429 30 oil pump antique | A/NPPP |
| 430 antique kerosene can | A/NPPP |
| 430 antique pour spout | A/NPPP |
| 434 30" hames | A/NPPP |
| 442 vintage parlor stove | replaced with REI camp stove |
| 443 wood stove (cast iron) | replaced with Overtons camp stove |
| 455 staple nailer | R/NPIF |
| 456 brad nailer | R/NPIF |
| 466 plastic workbench | R/NPIF |
| 467 3 step stool | R/NPIF |
| 493 NEC wiring book | R/NPIF |
| 495 Stanley wiring book | R/NPIF |
| 502 magnetic bolt tray | R/NPIF |
| 508 cast iron lamp holder | A/NPPP |
| 509 2X9 plane | A/NPPP |
| 519 Stanley plane 14" | A/NPPP |
| 520 finger planes (2) | A/NPPP |
| 521 shaping plane | A/NPPP |
| 522 Stanley No. 45 hand saw | A/NPPP |
| 526 cast iron squirrel nutcracker | A/NPPP |
| 522 joister hanger nails | R/NPIF |
| 555 RLC cutting shears | R/NPIF |
| 596 butane torch | R/NPIF |
| 603 saw lamp | no idea what this is |

Items 606,611,612,613,614,617,618,619,620,621,623,624,625,630 - All of these items are older than "life.  At what point are they antiq

| | |
|---|---|
| 779 trash pump | R/NPIF |

| | | |
|---|---|---|
| 806 | 5 gal cooler | R/NPIF |
| 807 | 2 gal cooler | R/NPIF |
| 813 | white enamel table | A/NPPP |
| 814 | hoosier | A/NPPP |
| 815 | extra flour bin | A/NPPP |
| 818 | sled with springs | A/NPPP |
| 822 | seed spreader | A/NPPP |
| 843 | weed digger | desc changed to post hole digger |
| 863 | ranch oak rocker | A/NPPP |
| 885 | hose for trash pump | R/NPIF |
| 750 | pool table | "pending payment" of 2650.79 - no explaination |
| 767 | square occasional table | A/NPPP |
| 768 | harp table | replace with lamp??? |
| 773 | harp backed chairs | A/NPPP |
| 985 | steamer trunk with shelf | replaced with coffee table  A/NPPP |
| 986 | flat top steamer trunk | A/NPPP |
| 999 | small mexican nativit | R/NPIF |
| 1002 | Avon christmas ferris wheel | R/NPIF |
| 1004 | Avon christmas stove with bears | R/NPIF |
| 1014 | Quilts | A/NPPP |
| 1015 | yarn rugs | irreplacable |
| 1017 | luggage set from JCP | R/NPIF |
| 1023 | oscilliscope (Dad's) | A/NPPP |
| 1024 | Multimeter | A/NPPP |
| 1025 | Cast stage coach | A/NPPP |
| 1026 | locker plant door | A/NPPP |
| 1028 | antique commercial ice box | A/NPPP |
| 1038 | entire two harse harnes incl hames | only shows hames |
| 1047 | Iron bed frame | A/NPPP |
| 1048 | Ranch oak twin bed | A/NPPP |
| 1072 | re-hung doors | desc changed to room divider |
| 1085 | childs rocker | A/NPPP |
| 1089 | gun scoks | R/NPIF |
| 1100 | pocket plane | A/NPPP |

| 1102 | stove | coverage A - removable if property sold |
|------|-------|------------------------------------------|
| 1103 | refrigerator | coverage A - removable if property sold |
| 1101 | microwave | coverage A - removable if property sold |
| 1121 | 7' tree | R/NPIF |
| | page 51 & 52craft suppl;ies, clothes | R/NPIF |
| | items 1024-1133,1138-1150, 1152-1168 | R/NPIF |

LAW OFFICES OF JOHN C. SEIBERT, LLC
102 West 18th Street
Durango, Colorado 81301

TELEPHONE:  (970) 403-0999

FACSIMILE:  (970) 403-0998

E-MAIL ADDRESS:
Jseibert@durangolawyers.biz

June 12, 2017

<u>Via US Mail and E-mail</u>
State Farm Insurance Companies
Fire Claims
Attn: Lydia C.G. Martinez, Team Manager
PO Box 106169
Atlanta, GA  30348-6169

statefarmfireclaims@farm.com

Re:   Insureds: Dean and Valerie Hobson
        Claim Number: 06-31L8-853
        Policy Number: 86-BG-9940-9
        Date of Loss:  May 15, 2014

Dear Ms. Martinez:

        I represent Valerie and Dean Hobson, and am writing in response to your letter to the Hobsons dated for April 14, 2017.  Your letter was in reference to the Hobson's letter dated March 31, 2000 in which they requested a policy limits payment. Your letter generally addressed the Hobson's long outstanding personal property claim and their Building Ordinance and Law Endorsement claim. I address those two claims in this letter.

        1.      **Personal Property Claim.**  The Hobsons met with Colby Orth as you suggested to review their personal property claims on May 9, 2017.  Ms. Orth indicated she would get back with the Hobson's shortly following the meeting.  It has now been over a month since the meeting. The Hobson's have not heard back from Ms. Orth despite repeated communications and her representations that her analysis and response would be forthcoming. By this letter, the Hobsons renew their policy limits demand on their personal property claim.  State Farm's delay in processing this claim has been patently unreasonable.  If payment as demanded is not received within 14 days of the date of this letter, the Hobsons may proceed with an action in the Montezuma County District Court seeking reasonable attorney fees, court costs and 2 times the covered benefits pursuant to C.R.S. § 10-3-1116.

        2.      **Building Ordinance and Law Endorsement Claim.** As outlined further in Ms. Hobson's March 31, 2017 letter and attachments thereto, the Hobson's met with Ms. Kimsey shortly after the fire and Ms. Kimsey went over the Hobsons claims and coverage under their policy.  Ms. Kinsey made no mention of Building Ordinance and Law Coverage.  The Hobson's requested a complete copy of their policy in the fall of 2014, and on multiple occasions after that. They did not receive a copy of the policy until early

D:\Hobson, Val & Dean\2017.06.12 Lydia C.G. Martinez.doc

Exhibit 8

January, 2017, long after the expiration of the two year limitation for replacement upon which State Farm relies in denying this claim.

You have asserted the Hobson should have been aware of this coverage based on renewal certificates sent after the fire. The renewal certificates do not clearly outline the ordinance law coverage, and in fact in some places indicate that Building Ordinance and Law coverage is a recommended form of additional coverage that the Hobson's might want to consider. More importantly, the renewal certificated make no mention or reference whatsoever of the two year limitation period.

State Farm owed the Hobsons a duty of good faith requiring that it not act to prevent the occurrence of conditions of its performance. Dupre v. Allstate Ins. Co., 62 P.3d 1024 (Colo. App. 2002). State Farm is estopped from relying on the two year limitations period in the policy under the facts of this case, including its omission of any reference to Building Ordinance and Law coverage when meeting with the Hobsons to go over their claims; and its failure to provide a complete copy of the policy despite repeated requests by the Hobsons until after the limitations period had expired.

The Hobsons hereby demand policy limits on their building ordinance and law claim, $28,740.00. The Hobsons previously provided a detailed summary of costs incurred with supporting invoices and receipts. Those costs exclude labor provided by the Hobsons. Estimated labor costs are well in excess of $15,000, substantiating the policy limits demand.

The Hobsons have also indicated they have claims for additional amounts due under extended structure coverage. I do not know the details of this claim, and will supplement this demand by separate letter.

Prompt attention and payment as demanded will be appreciated and avoid the filing of an action by the Hobsons pursuant to C.R.S. § 10-3-1116 seeking attorney fees and two times the amount of the covered benefits.

Sincerely,

/s/

John Seibert

Cc: Clients

2



June 23, 2017

ATTORNEY JOHN SEIBERT
THE LAW OFFICES OF
JOHN C SEIBERT LLC
102 W 18TH ST
DURANGO CO  81301

State Farm Insurance Companies
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

HAND DELIVERED TO LAW OFFICES OF JOHN
SEIBERT

RE:   Insureds:        Dean and Valerie Hobson
      Claim Number:    06-31L8-853
      Policy Number:   86-BG-9940-9
      Date of Loss:    May 15, 2014

Dear Mr. Seibert:

This letter is in reference to your June 12, 2017, correspondence advising us of your
representation of Mr. and Mrs. Hobson.  Your correspondence was received by our local claims
office on June 19, 2017.

Regarding the personal property claim, we are enclosing the following documents:

1.  An XactContents Payment Tracker worksheet form;
2.  A Summary of Loss dated June 7, 2017; and
3.  A draft in the amount of $48,280.44 as settlement of the Hobson's personal property
    claim.

When Claim Representative Orth met with the Mr. and Mrs. Hobson in early May, there was
additional work that needed to be completed on the claim including a review of the documents
submitted, re-entry of items in their content inventory form, and a review of the overall file to
obtain the authority to settle the loss.  During the time of their meeting to the time of this letter,
our records reflect that Representative Orth was in contact with Mr. and Mrs. Hobson on a
consistent basis both via both e-mail and phone.

If you have any questions in regard to the enclosed settlement documents and payment, you
may contact Representative Orth directly.  Or, if you prefer, we would be open to setting up a
time to review it with you and the Hobsons in person.

In regard to your comments about the claim for Building Ordinance and Law, my letter of
April 14, 2017, outlines our position that there is no building ordinance or law monies owed to
Mr. and Mrs. Hobson and our postion remains the same.  Therefore, there will be no additional

*Providing Insurance and Financial Services*                    *Home Office, Bloomington, IL*

Exhibit 9

ATTORNEY JOHN SIEBERT
06-31L8-853
Page 2

monies paid under the Building Ordinance and Law portion of their policy at this time.  If you have additional information you would like us to consider, please forward that for our review.

The additional claims Mr. and Mrs. Hobson have for amounts due under the extended structure coverage appears to be new information.  If this is not correct then please clarify.  Otherwise, we will review the documents that you submit and respond to you once we've had an opportunity to determine whether coverage applies and if any additional monies are owed.

Mrs. Hobson sent an e-mail to Claim Representative Orth on June 21, 2017 at 6:47PM.  Ms. Orth did not respond to Mrs. Hobson's e-mail as it was her understanding Mr. and Mrs. Hobson are attorney represented.  This letter will serve as the response which provides Mrs. Hobson with an update on the Coverage B - Personal Property payment of their claim.

Please advise us how you wish to communicate with your clients as it is our understanding that we would be directing all communications regarding their claim through you.

If you have any additional questions, you may contact me at (844) 458-4300 ext.253-948-1875 or you may contact Claim Representative Orth at (844) 458 4300 ext. 253-948-1872.

Sincerely,

*Lydia C. G. Martinez by Casy Hahi*

Lydia C. G. Martinez
Team Manager
844 458 4300 ext 2539481875
State Farm Fire and Casualty Company

Enclosures:  XactContents Payment Tracker
                    Summary of Loss
                    Draft


cc:    Agent Ricky King
        06-2653
        303 East Main Street
        Cortez, Colorado
        81321-3241